UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-424-H

JAMES WIEHEBRINK                                                      PLAINTIFF

V.

MIDLAND FUNDING, LLC, *et al.*                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

James Wiehebrink sued Midland Funding, LLC and Portfolio Recovery Associates, LLC ("PRA") under the Fair Debt Collection Practices Act for allegedly attempting to collect a debt that Wiehebrink did not owe. The parties resolved all claims against Midland Funding, LLC. PRA has now moved to dismiss Wiehebrink's remaining FDCPA claim under Rule 12 or, alternatively, for summary judgment under Rule 56. PRA has presented two arguments: (1) Wiehebrink has no evidence that he did not owe the debt and (2) even if Wiehebrink did owe the debt, PRA reasonably relied on information supplied by the original creditor. PRA's motion has presented "matters outside the pleadings . . . and not excluded by the court," so "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

I.

PRA is a debt collector. In June 2012, it purchased a portfolio of past due and charged off credit card accounts from U.S. Bank. One of these accounts had accumulated a $9,172.31 debt from a Harley-Davidson High Performance Visa Credit Card. PRA sought to collect this amount from James Wiehebrink; it sent multiple unanswered letters and eventually filed suit to collect the debt in Jefferson County Circuit Court. While that action was pending, Wiehebrink

sued PRA and claimed he did not actually owe the debt. Wiehebrink has presented this Court with no evidence to support this claim.

By contrast, PRA has presented a great deal of evidence suggesting that Wiehebrink did, in fact, owe the debt. First, when PRA purchased the account, U.S. Bank provided James Wiehebrink's name, social security number, and residential address (2307 Darrell Drive in Louisville, Kentucky) in connection with the account.[1] Second, PRA submitted twelve months of credit card statements from U.S. Bank for the account at issue containing James Wiehebrink's name and the amount owed. These statements were all mailed to Wiehebrink at 2307 Darrell Drive. Third, the statements reflected payments that Wiehebrink made on the account, most recently in June 2011 (after the last charges were made). Fourth, PRA submitted an affidavit stating that there were no reported fraud or identity theft claims on the account—even after PRA submitted information on the overdue account to credit reporting agencies. Fifth, Wiehebrink admitted under oath at a prior unrelated proceeding in April 2011 that he had a U.S. Bank credit card account with a balance of approximately $7,300 and a minimum payment of $230. The credit card statement submitted by PRA for that time reflects a balance of $7,958.37 and a minimum payment of $222. He also admitted in this proceeding that he owned a Harley-Davidson motorcycle, which is consistent with him also owning the Harley-Davidson High Performance Visa Credit Card at issue here.

II.

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, a court views the evidence in a light most favorable

---

[1] PRA submitted real property deeds to establish that that Wiehebrink owned the residential property at 2307 Darrell Drive in Louisville at all relevant times.

to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). A court properly enters summary judgment where there is not sufficient evidence in support of the nonmovant's case upon which "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of "informing the district court of the basis of its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This initial burden may be satisfied by showing an absence of evidence to support an essential element of the nonmoving party's case for which the nonmoving party has the burden of proof. *Id.*

Once the moving party demonstrates this lack of evidence, the nonmoving party may only overcome summary judgment by showing that a genuine dispute exists, using specific facts that "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Where, as here, the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 223.

### III.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Moreover, "Congress designed the [FDCPA] to eliminate the recurring problem of debt collectors dunning the wrong person or

3

attempting to collect debts which the consumer has already paid." *Fed. Home Loan Mort. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007) (quotations omitted).

At issue here is 15 U.S.C. § 1692e(2)(A), which prohibits "[t]he false representation of the character, amount, or legal status of any debt." Wiehebrink's sole claim is that PRA violated this statute by attempting to collect a debt he did not owe. To overcome summary judgment on this theory, he would need to present evidence on which a reasonable jury could find: (1) he did not owe the debt and (2) PRA was not entitled to rely on the information provided by U.S. Bank.

Because the Court finds a "complete failure of proof" on the first element of Weihebrink's claim, it is unnecessary to consider any other issues. *Celotex*, 477 U.S. at 323. PRA clearly satisfied its initial burden when it moved for summary judgment by showing that Wiehebrink had no evidence to prove he did not owe the credit card debt. In response, Wiehebrink merely quoted the pleadings; he submitted no evidence to support this essential element. But "the nonmoving party, in the face of a summary judgment motion, may not rest on its pleadings but must instead come forth with some probative evidence to support its claim." *Smith v. Transworld Sys., Inc.*, 964 F.2d 1025, 1028 (6th Cir. 1992). Instead of putting forth some proof that he did not owe the debt, Wiehebrink merely sought to exclude the U.S. Bank credit card statements proffered by PRA as inadmissible hearsay outside of the business records exception. This falls well short of Wiehebrink's burden at this stage.

IV.

Wiehebrink complained in his response that PRA filed its motion before discovery. This is not enough to survive summary judgment. Rule 56(b) provides that "a party may file a motion for summary judgment *at any time* until 30 days after the close of discovery," Fed. R. Civ. P. 56(b) (emphasis added), so timing is not a bar. Moreover, this is not a case that implicates Rule

4

56(d), which applies when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Wiehebrink submitted *nothing* with his response to PRA's motion for summary judgment. He has not "specified reasons" explaining why, for example, he could not submit some evidence in his control or even a sworn affidavit to prove the credit card debt was not his. As such, Wiehebrink has not met his burden and cannot overcome summary judgment.

   Being otherwise sufficiently advised,

   IT IS HEREBY ORDERED that Defendant Portfolio Recover Associates, LLC's motion for summary judgment is SUSTAINED and all of Plaintiff James Wiehebrink's claims are DISMISSED WITH PREJUDICE.

   This is a final order.

cc:  Counsel of Record